IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT, EDUCATIONAL, ELEVATOR INDUSTRY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN,<br>Plaintiff,<br><br>v.<br><br>THE ELEVATOR GUILD, LLC, et al.,<br>Defendants. | CIVIL ACTION NO. 11-2870 |

### MEMORANDUM OPINION

**Rufe, J.**                                                                                                     **January 23, 2013**

      The Board of Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation Funds, Elevator Constructors Annuity and 401(k) Retirement Plan ("the Funds") bring this action pursuant to the Employees Retirement Income Security Act ("ERISA"), seeking to recover delinquent contributions from The Elevator Guild, Inc. ("the Guild") which are allegedly due under the terms of a Collective Bargaining Agreement to which the Guild is a signatory. Default judgment has been entered against the Guild for failure to defend this lawsuit.[1] The Funds also asserted an ERISA action against the Guild's owner and officer, Christian Goetting, for breach of his fiduciary obligations. Before the

---

[1] See Order dated March 16, 2012 (Doc. No. 13), in which the Court entered judgment on liability against the Guild, but reserved ruling on damages pending a determination of Goetting's liability.

Court is Plaintiff's Motion for Summary Judgment against Goetting, which is unopposed.[2] For the reasons set forth below, the Court will grant summary judgment on the issue of Goetting's liability.

## I. PROCEDURAL HISTORY

Plaintiffs filed their Complaint on April 29, 2011, "to enforce an employer's contractual obligation to submit benefit payments pursuant to a Collective Bargaining Agreement, to collect amounts found due in an audit . . . and to enjoin the violations of the terms of employee benefit plans."[3]

The Complaint asserted a breach of contract claim and an ERISA claim against the Guild for failure to make required contributions to pension funds, and sought an injunction requiring the Guild to submit timely contributions and reports to the Funds. The Complaint also asserted a claim for breach of fiduciary duties under ERISA by Christian Goetting, the owner and an officer of the Guild. Plaintiffs alleged that Goetting was a fiduciary to the Funds under ERISA §3(21)(A) by virtue of the fact that he exercised authority and control over the benefit plan assets. Therefore, Plaintiffs asserted that Goetting is personally liable for all amounts owed by the Guild, including contributions due for work performed, liquidated damages, interest, costs, and attorneys' fees.

---

[2] Goetting filed an Answer in this lawsuit, *pro se*, which the Court accepted, though late filed, insofar as it answered for Goetting individually. Goetting has not filed any motions, responses, or other documents in this case since the Answer was filed. In addition, Goetting failed to appear at a scheduled status conference held by the Court while Plaintiff's Motion for Default Judgment against the Guild was pending, despite being explicitly directed to do so by the Court's March 2, 2012 Order. Goetting also failed to appear at a Rule 16 Scheduling Conference, held in court, on the record, on April 30, 2012, despite adequate notice by Order dated March 29, 2012, and did not submit a Scheduling Information Report, as required by the March 29, 2012 Order. And now Goetting has failed to respond to the pending Motion for Summary Judgment against him.

[3] Compl. ¶ 1.

The Complaint was served on Diane Goetting, Defendant Christian Goetting's wife, at home on May 18, 2011. This constituted proper service on Goetting as an individual.[4] When Defendants failed to timely answer or respond, Plaintiffs filed a praecipe for default on June 9, 2011; the Clerk of Court entered default for failure to appear, plead or otherwise defend on that date. The next day, June 10, 2011, Goetting filed an answer, *pro se,* on his own behalf and on behalf of the Guild. Plaintiffs filed a motion to strike the Answer. On August 30, 2011, the Court lifted the default against Goetting and allowed him to proceed *pro se*, but struck the Answer with regard to the Guild, because Goetting, as a non-attorney, could not represent the interest of that corporate entity. The Court granted the Guild 30 days to obtain counsel and file an answer.[5]

On December 27, 2011, Plaintiffs filed a Motion for Default Judgment against the Guild, as no counseled answer or other response had ever been filed on its behalf. The Court set a status conference for March 12, 2012, at which Defendants failed to appear. At that conference, the Court asked Plaintiffs to submit supplemental briefing with regard to proper service on the Guild, as service on that entity had been effectuated by service on Goetting's wife, Diane Goetting, at home, on May 18, 2011. In response to the Court's concern about service on the Guild, Plaintiffs submitted supplemental briefing on March 15, 2012, to which Defendants did not respond. On the basis of the documentation provided, the Court found that service on the Guild was proper. Because counsel had not appeared or responded for the Guild, the Court then entered by default

---

[4] Fed. R. Civ. P. 4(e)(1)(B).

[5] Order dated August 30, 2011.

judgment on liability against the Guild, reserving the issue of damages for later determination.[6]

On March 29, 2012, after a Rule 16 Scheduling Conference at which Goetting failed to appear, the Court issued a scheduling order to govern the case against the remaining defendant, Goetting. In accordance with the deadlines set forth in the scheduling order, Plaintiff filed a Motion for Summary Judgment. Goetting did not file a response opposing that Motion.

## II. STATEMENT OF FACTS

The facts recited below are uncontested by virtue of Goetting's failure to respond to Plaintiffs' requests for admissions and failure to respond to the Motion for Summary Judgment.[7]

Goetting is owner and/or an officer of the Guild.[8] As an officer of the Guild, Goetting signed a Collective Bargaining Agreement ("CBA") with the International Union of Elevator Contractors on June 12, 2007, agreeing, *inter alia,* that the Guild would remit contributions to the Fund for each hour worked by any employee of the Guild covered by the CBA.[9] The CBA, in conjunction with the Agreements and Declaration of Trust ("Declaration of Trust") to which the Guild was bound as a party to the CBA, required the Guild to report to the Funds, by the 15th day of each month, the number of hours worked by its employees in the prior month and pay the

---

[6] See Order dated March 16, 2012.

[7] Because Goetting failed to respond to Plaintiffs' discovery requests, and specifically failed to provide responses to Plaintiffs' requests for admission, Plaintiffs ask the Court to deem admitted the facts set forth in the requests for admissions. Under Federal Rule of Civil Procedure 36(a), a court may deem a fact admitted unless the party to whom the request for admissions is directed serves a written answer or objection within 30 days after service of the request. The Third Circuit has "held that 'deemed admissions' under Rule 36(a) are sufficient to support orders of summary judgment." Direct TV, Inc. v. Jarvis, 262 F. App'x 413, 414 (3d Cir. 2008). Plaintiff has established, by Declaration of David D. Capuano, Esq. (Doc. No. 17, Ex. G), that Defendant was served with a request for admissions on January 19, 2012. Defendant Goetting failed to respond to that request. Therefore, the Court will accept as true each of the factual allegations set forth in the request for admissions.

[8] Req. for Admissions, No. 1 (Doc. No. 17, Ex. B).

[9] Collective Bargaining Agreement (Doc. No. 17, Ex. C); see also, Answer ¶ 1.

4

contributions due to the Funds at that time.[10] The CBA clearly states that "[t]itle to all monies paid into and/or due and owing. . . shall vest in and remain exclusively in the Trustees of said Funds." The Agreements and Declarations of Trust provide that the Trustees may take action to collect all contributions due to the Funds should the employers fail to pay, as well as liquidated damages authorized by ERISA, interest, and attorneys' fees and costs.[11]

The Guild employed individuals covered by the CBA during the effective period of the CBA (July 9, 2007 through July 8, 2012).[12] Goetting exercised authority and control over payroll deductions and payment of contributions to the Funds for those employees, as well as the payment of other business expenses.[13] From July 2007 through November 2010, Goetting signed and submitted to the Funds the required reports regarding the number of hours worked by the Guild employees,[14] but he failed to remit the corresponding payments for many of those months.[15] Since November 2010, the Guild has failed to report hours worked by its covered employees, as well as failing to remit payments.[16]

---

[10] Declaration of Trust (Doc. No. 17, attachment to Ex. C).

[11] Declaration of Trust.

[12] Answer ¶ 1; Collective Bargaining Agreement.

[13] Req. for Admissions, No. 17-23.

[14] Employee Time Reporting Forms signed by Goetting (Doc. No. 17, Ex. H). These forms included reports for hours Goetting himself worked, and he will receive credit toward his own pension benefit for these reported hours, despite the Guild's failure to submit the contributions for those hours.

[15] Betts Aff. ¶ 6.

[16] Betts Aff. ¶ 12.

## III.  STANDARD OF REVIEW

Upon motion of a party, summary judgment is appropriate if "the materials in the record" show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[17] Summary judgment may be granted only if the moving party persuades the district court that "there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party."[18] A fact is "material" if it could affect the outcome of the suit, given the applicable substantive law.[19] A dispute about a material fact is "genuine" if the evidence presented "is such that a reasonable jury could return a verdict for the nonmoving party."[20]

In evaluating a summary judgment motion, a court "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor.[21] Further, a court may not weigh the evidence or make credibility determinations.[22] "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[23] This requirement upholds the "underlying purpose of summary judgment [which] is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and

---

[17] Fed. R. Civ. P. 56(a), (c)(1).

[18] Miller v. Ind. Hosp., 843 F.2d 139, 143 (3d Cir. 1988).

[19] See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[20] Id.

[21] Hugh v. Butler Cnty. Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

[22] Boyle v. Cnty. of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998).

[23] Anderson, 477 U.S. at 249-50 (citations omitted).

expense."[24] Therefore, if, after making all reasonable inferences in favor of the non-moving party, the court determines that there is no genuine dispute as to any material fact, summary judgment is appropriate.[25]

The non-moving party's failure to respond to a motion for summary judgment is not sufficient to warrant a grant of summary judgment under Rule 56. The Court "must determine that the facts specified in or in connection with the motion entitle the moving party to judgment as a matter of law."[26]

**IV.  DISCUSSION**

Here, as the Court previously found liability by default against the Guild, the Court must only determine whether judgment should also be entered against co-defendant Goetting. ERISA § 409 imposes personal liability on "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries" in relation to the plan.[27] The threshold question is whether Goetting was performing a fiduciary function when he breached "a definable duty under ERISA."[28]

The Court must determine: 1) whether Goetting's failure to remit contributions to the Funds affected plan assets, and 2) whether Goetting "either exercised discretionary authority or

---

[24] Walden v. Saint Gobain Corp., 323 F. Supp. 2d 637, 641 (E.D. Pa. 2004) (citing Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976)).

[25] Celotex, 477 U.S. at 322; Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 83 (3d Cir. 1987).

[26] Trustees of the Nat'l Elevator Indus. Pension, Health Benefit, Educ. Elevator Indus. Work Preservation Funds v. Gateway Elevator Inc., No. 09-4206, 2011 WL 2462027, * 3 (E.D. Pa. June 21, 2011) (citing Anchorage Assoc. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d cir. 1990)).

[27] 29 U.S.C. § 1109(a).

[28] Gateway Elevator, 2011 WL 2462027 at *4 (citing Pegram v. Herdrich, 530 U.S. 211, 225-226 (2000)); Confer v. Custom Eng'g Co., 952 F.2d 34, 40-41 (3d Cir. 1991) (Seitz, J., concurring).

7

control in the management of the plan *or* if he exercised any authority or control over the management or disposition of the plan's assets."[29] Control may be shown with evidence that Goetting was an owner, agent or only board member, was responsible for authorizing checks for the payment of employee contributions to ERISA plans, or had signed the checks deposited with the Funds during the relevant time period.[30] Control may also be found where defendants "deducted amounts owed in contributions from employee paychecks, forwarded monthly remittance forms to the Trust Funds, and failed to remit the amounts due to the Trust Funds."[31]

Because the CBA clearly states that "[t]itle to all monies paid into and/or due and owing . . . shall vest in and remain exclusively in the Trustees of said Funds," the Court finds that the Funds have demonstrated that title to the unpaid contributions owed to the Funds were vested assets of the Funds from the time they were due and owing, pursuant to the terms of the CBA and the trust documents, and therefore were plan assets under ERISA.[32] Furthermore, the undisputed evidence before the Court indicates that Goetting exercised authority or control over the disposition of the Funds' assets, in that he deducted the amounts owed in contributions from his

---

[29] Gateway Elevator, 2011 WL 2462027 at *5 (citations omitted) (interpreting 29 U.S.C. § 1002(21)(A)(i)).

[30] Trustees of Nat'l Elevator Indus. Pension, Health Benefit, Educ. Elevator Indus. Work Preservation Funds v. Century Elevator, Inc., No. 11-3792, 2011 WL 4807914, at *4 (E.D. Pa. Oct. 11, 2011) (citing Gateway Elevator, WL 2462027, at *5).

[31] Century Elevator, 2011 WL 4807914, at *5.

[32] See, Galgay v. Gangloff, 677 F. Supp. 295, 301 (M.D. Pa. 1987), *aff'd* 932 F.2d 959 (3d Cir. 1991); Trustees of the Nat'l Elevator Indus. Pension, Health Benefit, Educ. Elevator Indus. Work Preservation Funds v. Universal Elevator Corp., Civ. A. 11-3381, 2011 WL 5341008, at *4 (E.D. Pa. 2011); Century Elevator, Inc., WL 4807914, at *4; Gateway Elevator, WL 2462027, at *5.

employees' paychecks,[33] signed and forwarded monthly time forms to the Funds,[34] and failed to remit the amounts due to the Funds.[35] Therefore, the court finds no dispute as to whether Defendant Goetting exercised authority and control over plan assets.[36] Accordingly, the Court finds that the Funds have established, for purposes of this unopposed motion, that Goetting acted as a fiduciary with regard to the ERISA plan, as defined by 29 U.S.C. § 1002(21)(A)(i).

Next, the Court must examine whether the Funds sustained their burden of proof in establishing that Goetting's conduct breached one or more fiduciary duties established by ERISA, and in demonstrating that the breach of fiduciary duty caused a loss to the Funds.[37] ERISA provides that fiduciaries have a duty to act "in accordance with the documents and instruments governing the plan," which may include the duty to pay benefits.[38] Here, the CBA and Funds' documents provide that employee contributions are plan assets, which are owed and which must be remitted within 15 days after the end of each month. A failure to timely remit the owed plan assets is a breach of a duty under the plan documents. The facts deemed admitted establish that Geotting did breach his fiduciary obligation to comply with the documents and instruments governing the plan, by repeatedly failing to timely remit contributions to the Funds

---

[33] Req. for Admissions, Q 22.

[34] Employee Time Reporting Forms.

[35] Req. for Admissions, Q1-2 (Goetting exercised control over the Guild's checking account) and Q 15 (the amounts determined by audit still remain unpaid).

[36] Gateway Elevator, 2011 WL 2462027 at *6 (collecting cases).

[37] In re Unisys Sav. Plan Litigation, 74 F.3d 420, 445 (3d Cir. 1996).

[38] 29 U.S.C. § 1104(a)(1)(D).

9

on behalf of the beneficiaries employed by the Guild.[39]  Furthermore, the Funds have established an injury, in that they did not receive funds due to and vested in them but nonetheless must provide pension credits to Guild employees for all work hours reported.[40]  Goetting's failure to issue the checks and remit the amounts due, in breach of the plan documents and his fiduciary duty, directly caused a financial loss to the Funds.

V.  CONCLUSION

The Trusts have sustained their burden as the moving party, and put forth sufficient undisputed facts to entitle them to summary judgment on the issue of Goetting's liability for breach of his fiduciary duties under ERISA, causing injury to the Funds.  Therefore, the Court will grant Plaintiffs' unopposed Motion for Summary Judgment as to Goetting's liability. Goetting will be held jointly and severally liable for losses to the Funds caused by his breach of his fiduciary duties.[41]  However, the Court cannot calculate the contributions, interest and liquidated damages owed from the record before it,[42] and will enter a separate order with regard to that element of damages after further briefing.  The Court will, at this time, award attorneys' fees, for which Goetting and the Guild are jointly and severally liable.[43]

---

[39] Id.

[40] 29 C.F.R. § 2530.200b-1(a)(1).

[41] 29 U.S.C. § 1109.

[42] For example, Plaintiffs seek $35,745.70 in unpaid contributions for January 2007 - November 2009, and $93,064.96 in unpaid contributions for February 2009 - November 2010.  Motion for Summary Judgment.  Because the sums sought cover overlapping time periods, the Court cannot accurately calculate the contributions owed pursuant to the relevant agreements.

[43] 29 U.S.C. § 1132(g)(2)(D) provides that when judgment is entered in favor of a plan, the court "shall award" the plan reasonable attorneys' fees and costs.  The Court finds the hourly rate and number of hours expended, as set forth in the Affidavit of Robert P. Curley requesting his firm's negotiated rate of $215 per hour for attorney work and $118 per hour for paralegal work for 39.75 hours of work, to be reasonable and well-supported.  The Court

An appropriate Order follows.

---

also finds the request for the filing fee ($350) and fee for service of the lawsuit ($70) to be reasonable costs which Plaintiffs are entitled to recover. Accordingly, the Court will award the $8,966.25 requested.